ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| YAI MAWIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-2372-JAR |
| | ) |
| MARLEY COOLING TECHNOLOGIES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Yai Mawien brings this action against Marley Cooling Technologies, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). Mawien proceeds *pro se* and has been granted leave to proceed *in forma pauperis* (Doc. 5). This matter is before the Court on defendant's Motion to Dismiss (Doc. 8). Plaintiff has not filed a response and the time to do so has expired.[1] As explained more fully below, defendant's motion to dismiss is granted due to plaintiff's failure to respond.[2] The Court also grants defendant's motion because plaintiff fails to state a claim upon which relief can be granted.

**I.     Legal Standards**

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must present

---

[1]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 21 days).

[2]*See* D. Kan. R. 7.4 (failure to respond to a motion, within the allotted time, results in an uncontested motion, "and ordinarily will be granted without further notice.").

factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[3] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[5] but requires more than "a sheer possibility."[6]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[7] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[9] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth,

---

[3]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[5]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[6]*Id.*

[7]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[8]*Id.* (citing *Twombly*, 550 U.S. at 556).

[9]*Iqbal*, – U.S. –, 129 S. Ct. at 1949-50.

or merely legal conclusions that are not entitled to an assumption of truth.[10]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment.  However, the court may consider documents which are referred to in the complaint.[13]

Because plaintiff pursues his action *pro se*, the Court must remain mindful of additional considerations.  A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[14]  Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[15]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[16]  For that reason, the court should not "construct arguments

---

[10] *Id.* at 1950.

[11] *Id.*

[12] *Id.* at 1949.

[13] *See GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384-85 (10th Cir. 1997).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 1972)).

[15] *Id.*

[16] *Id.*

3

or theories for the plaintiff in the absence of any discussion of those issues,"[17] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[18]

## II. Discussion

### A. *Failure to Oppose Defendants' Motion To Dismiss*

On August 9, 2010, defendant filed the motion to dismiss.[19] Plaintiff's response was due twenty-one days later on July 27, 2010.[20] To date, plaintiff has not responded to defendant's motion to dismiss. In the event a party fails to respond to a dispositive motion, the local rule provides the party has waived the right to file a response except upon a showing of excusable neglect.[21] Absent a showing of excusable neglect, the Court "will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[22] Because plaintiff failed to respond to defendant's motion to dismiss within twenty-one days and has not made a showing of excusable neglect, the Court grants defendant's motion and dismisses plaintiff's case.

### B. *Failure to State a Claim*

Even if the Court considers the merits of the motion to dismiss rather than granting it as unopposed, it would dismiss plaintiff's Complaint for failure to state a claim upon which relief

---

[17]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[18]*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[19](Doc. 8.)

[20]*See* D. Kan. R. 6.1(d)(2).

[21]D. Kan. R. 7.4(b).

[22]*Id.*

4

can be granted. Plaintiff filed a form *pro se* civil rights complaint. Plaintiff complains that he was not paid for one day of work when he was absent to attend his mother's funeral. He checked on the form that he was discriminated against based on his race. In the section of the Complaint where plaintiff was to describe the essential facts of his case, plaintiff states: "I did not get paid while I was on leave cause of my mom death. And later on they fire me."

The Court agrees with defendant that these facts are not sufficient to meet the pleading requirements of *Iqbal* and *Twombley*. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[23] Plaintiff provides no facts that suggest either his termination or the fact that he was not paid while attending his mother's funeral were because of his race. Even if the Court accepts as true the factual allegations in plaintiff's Complaint, "they are so general that they encompass a wide swath of conduct, much of it innocent."[24]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 8) is **granted**.

**IT IS SO ORDERED.**

Dated: September 15, 2010

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE

---

[23] 42 U.S.C. § 2000e-2(a)(1).

[24] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).